**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRIGHT DATA LTD.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:21-cv-00225-JRG-RSP** |
| **v.** | § | |
| | § | |
| **NETNUT LTD.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     THIS CASE SHOULD BE DISMISSED FOR LACK OF JURISDICTION ...................... 2

        A.     Requirements for Personal Jurisdiction ....................................................... 2

        B.     There is No General Personal Jurisdiction Over NetNut in Texas........................... 3

        C.     There is No Specific Personal Jurisdiction Over NetNut in Texas.......................... 4

III.    CONCLUSION...................................................................................................... 6

███████████

### TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358, 1361 (Fed. Cir. 2012)............................................................................3

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) .....................................................................................2

*Blue Spike, LLC v. Texas Instruments, Inc.*,
No. 6:12-cv-499, 2014 WL 11829323 (E.D. Tex. Mar. 31, 2014) ................................2

*Bluestone Innovations Texas, LLC v. Formosa Epitaxy Inc.*,
822 F. Supp. 2d 657 (E.D. Tex. 2011)...........................................................................5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
137 S. Ct. 1773 (2017)...................................................................................................3

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)...................................................................................................2, 3

*Celgard, LLC v. SK Innovation Co., Ltd.*,
792 F.3d 1373 (Fed. Cir. 2015)......................................................................................2

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...............................................................................................2, 3, 4

*Freudensprung v. Offshore Technical Servs., Inc.*,
379 F.3d 327 (1985).......................................................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).......................................................................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).......................................................................................................3

*HTI IP LLC v. DriveOk, Inc.*,
No. 6:09-cv- 370, 2010 WL 3075200 (E.D. Tex. Aug. 4, 2010) ...................................2

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).......................................................................................................2

*Internet Machines LLC v. Alienware Corp.*,
No. 6:10-cv-023, 2011 WL 2292961 (E.D. Tex. June 7, 2011) ....................................4

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
    232 F.3d 1369 (Fed. Cir. 2000)..................................................................................................2

*Luminati Networks Ltd. v. NetNut Ltd.*,
    No. 20-cv-188, 2020 WL 8266569 (E.D. Tex. Dec. 21, 2020), *report adopted* 2021 WL 261660
    (E.D. Tex. Jan. 25, 2021). ........................................................................................................4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)..................................................................................................3

*WorldVentures Hldgs., LLC v. Mavie*,
    No. 4:18-cv-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ................................................2

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 292 (1980)...........................................................................................................3

**Federal Rules**

Fed. R. Civ. P. 4(k)(2).............................................................................................................1, 4, 6

Fed. R. Civ. P. 12(b)(2)............................................................................................................1, 5

Defendant NetNut Ltd. ("NetNut") respectfully submits this motion to dismiss Plaintiff Bright Data Ltd.'s ("Bright Data") Complaint (Dkt. 1) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I.   **INTRODUCTION**

Both parties here—Bright Data and NetNut—are Israeli companies. Dkt. 1 ¶¶ 1, 2. NetNut's only office in the world is in Tel Aviv, Israel. Ex. A (Declaration of Barak Avitbul), ¶¶ 2, 3. All of NetNut's 22 employees live and work in Israel. *Id.* at ¶ 2. None of NetNut's employees have traveled to Texas on company business, NetNut has no bank account or property in Texas, and NetNut has no registered agent in Texas. *Id.* at ¶ 5.

Bright Data's general jurisdiction assertions rely on facts that are untrue. Bright Data contends that this Court has personal jurisdiction over NetNut because it has "sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2)." Dkt. 1 ¶ 5. Bright Data alleges that "at least a portion" of the alleged infringement occurred in Texas and that NetNut "maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privilege of doing business in Texas, and/or derives substantial revenue from services provided in Texas." *Id.* As discussed in more detail below, this is not true. NetNut has insufficient contacts with Texas such that the exercise of personal jurisdiction over NetNut would offend traditional notions of fair play and substantial justice. NetNut has none of the indicia of personal jurisdiction recognized by the law, such as an office or other real estate in Texas. Ex. A (Declaration of Barak Avitbul), ¶¶ 4, 5. Nor does it have employees, a registered agent, or a bank account in Texas, make business trips to Texas, attend trade shows in Texas, or engage in specific marketing to Texas customers. *Id.* NetNut has also never invoked the legal system in Texas. *Id.* Nothing in Bright Data's Complaint alleges otherwise.

██████████████████

## II.     **THIS CASE SHOULD BE DISMISSED FOR LACK OF JURISDICTION**

### A.     **Requirements for Personal Jurisdiction**

Personal jurisdiction is governed by Federal Circuit law in patent infringement actions. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *see also Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2014 WL 11829323 at *1 (E.D. Tex. Mar. 31, 2014). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

A court can exercise personal jurisdiction over an out-of-state defendant only if the forum state's long-arm statute permits jurisdiction without violating federal due process as delineated in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). *HTI IP LLC v. DriveOk, Inc.*, No. 6:09-cv- 370, 2010 WL 3075200, at *4 (E.D. Tex. Aug. 4, 2010) (*citing LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000)). The Texas long-arm statute is coextensive with due process such that the analysis collapses into a single inquiry. *WorldVentures Hldgs., LLC v. Mavie*, No. 4:18-cv-393, 2018 WL 6523306, at *4 (E.D. Tex. Dec. 12, 2018). To establish whether a court has personal jurisdiction over a defendant, a plaintiff must show: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316- 20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). The type of contacts with the forum state determines whether specific or general jurisdiction may be invoked. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *WorldVentures*, 2018 WL 6523306, at *4.

General jurisdiction exists for a corporate defendant only when its "corporate operations within a state [are] so substantial and of such a nature" to justify suit based on activity entirely distinct from the alleged activities. *Daimler*, 571 U.S. at 127 (citing *Int'l Shoe*, 326 U.S. at 318).

The operations must be so continuous and systematic that the corporate defendant is "essentially at home in the forum State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 9 (1984)). Only a limited set of contacts support general jurisdiction of a corporate defendant, including the defendant being incorporated or having a principal place of business in the forum state. *Id.* at 137; *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

To exercise specific jurisdiction, a court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (*citing Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)). The focus of the specific jurisdiction inquiry is on the "relationship between the defendant, the forum, and the litigation." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (1985) (*quoting Burger King*, 471 U.S. at 474). However, the primary concern is the burden on the defendant. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Random, fortuitous, or attenuated contacts are insufficient to establish purposeful availment. *Burger King*, 471 U.S. at 476.

**B.    There is No General Personal Jurisdiction Over NetNut in Texas**

NetNut is not subject to general personal jurisdiction in Texas. NetNut is neither incorporated in nor operates any place of business in Texas. Ex. A ¶¶ 4, 5. NetNut is not registered to do business in Texas, does not have a registered agent in Texas, does not have a bank account in Texas, does not have an office or any property in Texas, does not employ personnel in Texas, does not conduct visits to Texas for business, does not attend trade shows or conferences in Texas, and

does not specifically advertise to Texas residents as opposed to other locations. *Id.* at ¶ 5. NetNut's corporate activities are therefore not so continuous and systematic such that it can be considered "at home" in Texas sufficient to exercise general jurisdiction in this forum. *Daimler*, 571 U.S. at 126. Bright Data alleges no activities establishing otherwise. *See, e.g.*, *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *4 (E.D. Tex. June 7, 2011). Moreover, this Court previously held that NetNut is not subject to general personal jurisdiction in Texas. *Luminati Networks Ltd. v. NetNut Ltd.*, No. 20-cv-188, 2020 WL 8266569, at *2 (E.D. Tex. Dec. 21, 2020), *report adopted* 2021 WL 261660 (E.D. Tex. Jan. 25, 2021).

### C.      There is No Specific Personal Jurisdiction Over NetNut in Texas

NetNut is not subject to specific personal jurisdiction in this forum.  Bright Data fails to establish that NetNut purposefully directs activities toward Texas or that Bright Data's claims arise out of any contact NetNut has with Texas.  Bright Data has no basis to believe infringement of the asserted patents occurs in Texas and pleads no such basis.

Bright Data generally alleges that NetNut "has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2)."  Dkt. 1 ¶ 5.  The only non-general allegations made are that:

> "NetNut utilizes software, which is the subject of the infringement alleged herein, that is embedded in a number of software applications which are placed into the stream of commerce with the knowledge, understanding, and/or intention that they be downloaded and executed by devices located in the State of Texas, as well as this Judicial District. Upon information and belief, the software effectively turns the devices on which it is installed into peer-to-peer ("P2P") residential proxy devices that operate as part of NetNut's 'Rotating Residential Proxies' service under NetNut's control"

*Id.* ¶ 5 (emphasis added).    As an initial matter, NetNut does not place software into the stream of commerce in Texas.  Ex. A (Declaration of Barak Avitbul) ¶¶ 6, 8.  As Bright Data knows from depositions taken in *Luminati Networks Ltd. f/k/a Hola Networks Ltd. v. NetNut Ltd.*, Case No. 2-

4

20-cv-00188, NetNut "does not provide software to any app developers or third parties that ultimately finds its way on to end user devices to allow those devices to participate in the rotating residential proxy network." Ex. B (B. Avitbul Deposition) 41:7-11; Ex. A ¶ 8.  The software is distributed and controlled by a third-party and is not under the control of NetNut.  Ex. B 41:12-22; Ex. A ¶ 8.  NetNut merely ███████████████████████████████████████████████████ ████████████████████.  Ex. A ¶ 8.  NetNut has no control over where the third-party routes customers, ███████████████████████████████████████████████████████████████████████ ██████████████████.  *Id.*

Moreover, Bright Data is also aware that this software is not utilized to route traffic to the United States, because the software is only used to ████████████████████████████ ██████████████████████.  Ex. C (M. Kramer Deposition) 74:20-25; Ex. A ¶ 8.  When a NetNut residential-proxy customer selects the United States as the target country, NetNut ██████████ ███████████████████████████████████████████████████████████████████████ █████████████████.  Ex. A ¶ 8.  NetNut has not and does not allow its users to select a city in Texas using the rotating residential proxies service.  *Id.* at ¶ 7.  NetNut does not have any customers in Texas whose traffic is routed through a rotating proxy of the accused software.  *Id.* at ¶ 9.  NetNut has not routed any customer traffic through any peer-to peer residential proxy device in Texas.  *Id.*

For these reasons, the allegations in the Complaint are insufficient to establish specific personal jurisdiction.  Because Bright Data has failed to satisfy its burden of showing specific personal jurisdiction—and cannot satisfy that burden—the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

NetNut would consent to service and jurisdiction in the Southern District of New York.  *See Bluestone Innovations Texas, LLC v. Formosa Epitaxy Inc.*, 822 F. Supp. 2d 657, 665 (E.D. Tex. 2011) (granting motion to dismiss finding defendant was not subject to jurisdiction in Texas under

Rule 4(k)(2) where it consented to suit in California).

## III.   **CONCLUSION**

For the above reasons, the Court should dismiss this case for lack of personal jurisdiction.

Dated:  September 21, 2021

By:    _/s/ Eric H. Findlay_
Eric H. Findlay (TX Bar No. 00789886)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Elliot C. Cook
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
1875 Explorer St., Suite 800
Reston, VA 20190
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400
cory.bell@finnegan.com

***Attorneys For***
***Defendant NetNut Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 21, 2021, with a copy of this document via electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal (D.I. 23) entered in this case.

*/s/ Eric H. Findlay*
Eric H. Findlay