# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD.<br><br>    Plaintiff,<br><br>v.<br><br>NETNUT LTD.<br><br>    Defendant. | Case No. 2:21-CV-00225-JRG-RSP<br><br>**FILED UNDER SEAL**<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXPEDITE JURISDICTIONAL DISCOVERY

NetNut's opposition (Dkt. No. 44 or "Opp.") fails to provide any credible argument against Bright Data's request for expedited jurisdictional discovery ("Motion"). First, Bright Data's motion is not moot merely because NetNut has withdrawn its motion to dismiss as NetNut still has to respond to Bright Data's First Amended Complaint and has not ruled out re-filing a motion to dismiss for lack of personal jurisdiction despite Bright Data requesting such assurances. Second, NetNut argues that Bright Data's jurisdictional discovery is somehow limitless and undefined – to the contrary, Bright Data served specific discovery narrowly targeted on jurisdictional topics, attached as Exhibit A. Finally, contrary to NetNut's arguments, Bright Data has presented facts providing the basis for the Court's exercise of personal jurisdiction over NetNut and has explained what Bright Data plans to achieve through jurisdictional discovery.

As NetNut will likely re-file a motion to dismiss for lack of personal jurisdiction, Bright Data respectfully requests that the Court enter an order expediting discovery Bright Data already served on NetNut related to jurisdiction to facilitate responding to any motion to dismiss (as detailed in the Motion) and deferring Bright Data's response to any motion to dismiss until after the completion of all jurisdictional discovery. Specifically, Bright Data proposes NetNut produce the requested documents within 14 days of the Court's Order;[1] NetNut produce all requested documents at least seven days prior to any deposition; and Bright Data's opposition to any NetNut motion to dismiss is deferred to 14 days after the completion of all jurisdictional discovery or when required by the Court's local rules, whichever is later.

---

[1] Under Rule 33 of the Federal Rules of Civil Procedure, NetNut's responses to Bright Data's interrogatories on jurisdictional discovery (see Exhibit A) are due by November 8, 2021, which is prior to NetNut's deadline to respond to Bright Data's First Amended Complaint (due November 9, 2021).

Bright Data respectfully requests that this Court order expedited jurisdictional discovery such that Bright Data can fully address personal jurisdiction in its opposition to a NetNut motion to dismiss for lack of personal jurisdiction.

I. **BRIGHT DATA'S MOTION IS NOT MOOT AND THE JURISDICTIONAL DISCOVERY IS WELL-DEFINED**

Contrary to NetNut's Opposition, Bright Data's motion to expedite jurisdictional discovery is not moot. After Bright Data filed its First Amended Complaint on October 11, 2021, the parties exchanged emails concerning NetNut's motion to dismiss and jurisdictional discovery. Bright Data stated that it did not oppose NetNut withdrawing its motion to dismiss. In addition, Bright Data stated it would withdraw its motion for expedited jurisdictional discovery if NetNut would confirm that it was not filing another motion to dismiss for lack of personal jurisdiction in response to Bright Data's First Amended Complaint. As NetNut refused to provide this confirmation and Bright Data has already served jurisdictional discovery, Bright Data's motion for expedited jurisdictional discovery is still relevant. Specifically, expediting the already served jurisdictional discovery will allow Bright Data to prepare a complete response to a NetNut motion to dismiss for lack of personal jurisdiction.

NetNut also incorrectly states that Bright Data seeks "a limitless fishing expedition" on jurisdiction and that Bright Data "continues not to identify with any particularly the discovery sought, …." *See* Op at 1-2. But NetNut ignores that, as stated in Bright Data's motion, **Bright Data already served on October 6, 2021, interrogatories, a Rule 30b6 deposition notice, and a letter requesting certain documents, all of which were narrowly targeted on jurisdictional discovery**. Bright Data's jurisdictional discovery is the opposite of "limitless" – it is defined by specific discovery requests which NetNut has had for over two weeks.

2

## II. BRIGHT DATA HAS PROPERLY MADE FACTUAL ALLEGATIONS TO SUPPORT PERSONAL JURISDICTION AND EXPLAINED WHAT IT PLANS TO ACHIEVE THROUGH JURISIDCTIONAL DISCOVERY

NetNut again errs by stating that Bright Data has not made "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Bright Data presented facts in its Complaint (Dkt. No. 1) identifying the basis for the Court's personal jurisdiction over NetNut and Bright Data reiterated the basis for personal jurisdiction again in its opposition to NetNut's motion to dismiss. *See* Dkt. No. 1 at ¶¶5-7; Dkt. No. 31 at pp. 3-5.

In its motion to dismiss, NetNut also made statements concerning the accused Rotating Residential Proxy Service[2] which <u>directly contradict</u> NetNut's public statements on its website. In its opposition to NetNut's motion to dismiss (Dkt. No. 31) and in the Motion, Bright Data detailed how NetNut's statements contradict their representations to the public through their website. These contradictions include:

- 

---

[2] In its First Amended Complaint (Dkt. No. 40), Bright Data has also accused NetNut's Static Residential Proxy Service of infringing certain Bright Data patents. NetNut's Static Residential Proxy Service, now accused, was an accused system in the parties' earlier litigation, *Luminati Networks Ltd. f/k/a Hola Networks Ltd. v. NetNut Ltd.*, Case No. 2-20-cv-00188 (E.D. Tex.), where the Court held that it had personal jurisdiction over NetNut.

- ██████████████████████████████████████████████████████████

These exemplary contradictory statements demonstrate the need for jurisdictional discovery to resolve factual issues so the Court can make an informed decision on any motion to dismiss for lack of personal jurisdiction filed by NetNut.

In its Opposition, NetNut also argues that Bright Data already obtained discovery on the accused Rotating Residential Proxy Service during its prior ongoing litigation with NetNut, *Luminati Networks Ltd. f/k/a Hola Networks Ltd. v. NetNut Ltd.*, Case No. 2-20-cv-00188 (E.D. Tex.). However, the Rotating Residential Proxy Service was not the focus of that litigation so only limited information was obtained on this system now accused in the current litigation. Moreover, the deposition testimony NetNut points to in its Opposition also directly contradicts NetNut's public representations on its website. Bright Data is entitled to explore these contradictions that are directly relevant to personal jurisdiction.

### III. CONCLUSION

For at least the reasons set forth above and in Bright Data's Motion, Bright Data respectfully requests that the Court enter an order expediting discovery Bright Data already served on NetNut related to jurisdiction to facilitate responding to any motion to dismiss for lack of personal jurisdiction filed by NetNut (as detailed in the Motion) and deferring Bright Data's response to any motion to dismiss until after the completion of all jurisdictional discovery. Specifically, Bright Data proposes NetNut produce the requested documents within 14 days of the Court's Order; NetNut produce all requested documents at least seven days prior to any deposition; and Bright Data's opposition to any NetNut motion to dismiss is deferred to 14 days after the completion of all jurisdictional discovery or when required by the Court's local rules, whichever is later.

Dated: October 21, 2021					By: */s/ J. Michael Woods*

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com

J. Mark Mann
G. Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
blake@themannfirm.com
Office 903-657-8540
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Thomas Dunham
Ronald Wielkopolski
J. Michael Woods
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
tomd@ruyakcherian.com
ronw@ruyakcherian.com
michaelw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff
Bright Data Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of October, 2021, with a copy of this document via electronic mail.

*/s/ J. Michael Woods*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal filed concurrently with this brief.

*/s/ J. Michael Woods*