**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BRIGHT DATA LTD.<br>Plaintiff,<br>v.<br>NETNUT LTD.<br>Defendant. | Case No. 2:21-CV-00225-JRG-RSP<br>[REDACTED]<br>JURY TRIAL DEMANDED |

**BRIGHT DATA'S UNOPPOSED MOTION FOR THE ISSUANCE OF A LETTER ROGATORY TO EXAMINE PERSONS AND PRODUCE DOCUMENTS OF [REDACTED] (REPUBLIC OF LATVIA)**

Pursuant to Rule 28(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Bright Data Ltd. ("Bright Data") hereby requests that the Court issue a Letter Rogatory for international judicial assistance (the "Letter Rogatory") seeking assistance from the Ministry of Justice, Brivibas Boulevard 36, LV - 1536 Riga, Latvia, to compel [REDACTED] to provide a corporate representative(s) to testify at a deposition on topics identified in the Letter Rogatory which is filed herewith as Exhibit 1, Schedule A, and for the production of documents requested from [REDACTED] as specified in Exhibit 1, Schedule B. As discussed below, [REDACTED].

## I. THE DISTRICT COURT HAS THE AUTHORITY TO ISSUE LETTERS OF REQUEST

The Hague Convention states that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Exhibit 2, Article 1. The Republic of Latvia is a party to the Hague Convention. Exhibit 3. The United States District Court for the Eastern District of Texas is a "judicial authority" of the United States and "may… request the competent authority of [the Republic of Latvia], by means of a Letter of Request, to obtain evidence. *See* 28 U.S.C. § 1781(b)(2); *Societe Nationale Industrielle Aeropatiale v. United States Dist. Ct.*, 482 U.S. 522, 535 (1987); Ex. 2, Hague Convention, Article 1.

Bright Data's use of Letter Rogatory is an appropriate method of obtaining discovery from [REDACTED] because the Republic of Latvia is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters. *See* Ex. 3; Fed. R. Civ. P. 4(2)(2)(B); All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.").

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); *Rockstar Consortium US LP v. Google Inc.*, No. 2:13-cv-00893-JRG-RSP (E.D. Texas August 14, 2014), Dkt No. 125 (granting motion for issuance of letter rogatory for various Canadian entities); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-02709, 2012 WL 1808849, at *1-2 (N.D. Cal. May 17, 2012) (granting motion for issuance of letters

rogatory seeking discovery from an entity in Taiwan); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). The decision to issue such a letter is within the Court's discretion, *U.S. v. Mason*, No. 89-5675, 1990 WL 185894, at *2 (4th Cir. Nov. 29, 1990), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *see also Barnes & Noble*, 2012 WL 1808849 at *2 ("A court's decision whether to issue a letter rogatory [compelling deposition testimony] … require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.").

The Federal Rules set forth the procedure for obtaining deposition testimony from a witness in a foreign country. They provide:

> Depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony. A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate.  It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter of request may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title.

Fed. R. Civ. P. 28(b). Thus, a foreign deposition may be taken "under a Letter Rogatory," which a court may issue "on appropriate terms after an application and notice of it." *Id.*

This Court "has the inherent authority" to issue letters of request for evidence to foreign tribunals. *Uniloc 2017 LLC v. Google LLC,* No. 2:18-cv-00553-JRG-RSP (E.D. Tex. Nov 22, 2019) (issuing Request for International Judicial Assistance for the purposes of obtaining

documents and testimony from Korean entity); *see also* Restatement (Third) of Foreign Relations Law of the United States § 474(2) ("A United States district court, in order to obtain evidence for use in a proceeding before it, may . . . issue a letter rogatory requesting a court or other appropriate authority in a foreign state to direct the taking of evidence in that state . . . provided the procedure is not inconsistent with the law of the state where the evidence is to be taken.").

## II. [REDACTED] IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN THE REPUBLIC OF LATVIA

The documents and information requested by Bright Data are highly relevant to the case at hand and vital to determining patent infringement liability and damages, and necessary for the fair determination of this case. In this case, Bright Data alleges that Defendant NetNut Ltd. ("NetNut") infringes United States Patents legally owned by Bright Data, including U.S. Patent Nos. 10,257,319; 10,484,510; 10,491,713; 11,050,852; and 11,044,346 (collectively "the Asserted Patents"). The Asserted Patents in this matter relate to proxy networks, which are products or services that are part of the data collection industry. A proxy network provides the ability to pass a request through a proxy to a target website and then relay information from that website back to the device making the initial request. Proxies allow a searching party to carry out activities such as Internet searches without the searching party being identified.

In 2009 and 2013, Bright Data developed and patented key technology necessary for effectively searching and scraping websites using proxies. It invented a new type of product known as residential proxy service that involves a new network architecture of millions of communications devices such as smart phones, and it patented key technology regarding the use as proxies needed to effectively obtain large quantities of data from websites.

Bright Data has accused, *inter alia*, NetNut's Rotating Residential Proxies service, which uses communications devices such as smart phones as proxies, of infringing the Asserted Patents.

To utilize these communications devices as proxies, NetNut utilizes software that is embedded in a number of software applications which are downloaded and executed by these communication devices turning the devices into proxies for use in NetNut's infringing Rotating Residential Proxies service.

[REDACTED].

## III. A LETTER OF REQUEST IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM [REDACTED]

Issuance of the Letter Rogatory is warranted because it is necessary for the fair determination of this case in the United States. Without [REDACTED] documents and testimony, Bright Data would be unfairly prejudiced from advancing all of its infringement theories and the scope of damages resulting from NetNut's infringement of the Asserted Patents would be unfairly limited.

The discovery sought by Bright Data from [REDACTED] for documents and depositions is not available except by resort to the Letter Rogatory because [REDACTED]

[REDACTED] Therefore, resorting to the procedures of the Letter Rogatory is the only viable channel for Bright Data to obtain this highly relevant information for use in this case.

Accordingly, Bright Data respectfully requests that this Court issue the Letter Rogatory seeking judicial assistance from the Ministry of Justice of Latvia to request the narrowly-tailored categories of documents identified in Exhibit 1, Schedule B to the Letter Rogatory, and enabling Bright Data to compel [REDACTED] in the Republic of Latvia to testify at a deposition on the topics identified in Exhibit 1, Schedule A to the Letter Rogatory to obtain evidence that is both necessary and highly relevant to liability and damages in these cases.

## IV. CONCLUSION

For these reasons, Bright Data respectfully requests that the Court grant this Unopposed Motion, endorse the attached Letter Rogatory, and direct the Clerk to place the Court's seal upon them and return them to Bright Data for execution.

Dated: December 13, 2021

By: *<u>/s/ J. Michael Woods</u>*

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com

J. Mark Mann
G. Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
blake@themannfirm.com
Office 903-657-8540
Marshall Office 903-472-4294

Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Thomas Dunham
Ronald Wielkopolski
J. Michael Woods
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
tomd@ruyakcherian.com
ronw@ruyakcherian.com
michaelw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Bright Data Ltd.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of December, 2021, with a copy of this document via electronic mail.

*/s/ J. Michael Woods*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have complied with the meet and confer requirement in Local Rule CV-7(h). On November 16, 2021, counsel for NetNut confirmed that NetNut did not oppose this motion.

*/s/J. Michael Woods*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and Exhibit 1 are being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ J. Michael Woods*