UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD.<br><br>   Plaintiff,<br><br> v.<br><br>NETNUT LTD.<br><br>   Defendant. | Case No. 2:21-CV-00225-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**OPPOSED MOTION TO EXTEND THE DEADLINE FOR AMENDING INFRINGEMENT CONTENTIONS IN THE DISCOVERY ORDER**

Bright Data respectfully requests the Court extend the deadline for amending infringement contentions to February 4, 2022, to permit Bright Data time to fully review NetNut's source code and amend Bright Data's contentions given the upcoming holidays. On December 14, NetNut informed Bright Data that its code is available for review, but Bright Data's code reviewer cannot begin his review until January 5 due to the holidays and his work schedule. Bright Data requested NetNut agree for the 30 days the Court allows for code review and amending contentions to begin January 5. But NetNut rejected this proposal instead offering only a five day extension of the deadline. An additional five days is insufficient time for complete code review and amending contentions for five asserted patents and two accused systems as this would only allow 13 days from the start of code review until infringement contentions are due. Accordingly, Bright Data respectfully requests the Court extend the current deadline for amending infringement contentions from January 13, 2022, to February 4, 2022. NetNut opposes this Motion.

Paragraph 3(a)(i) of the Discovery Order, Dkt. No. 57, provides:

1

> If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

As the claim elements of the asserted claims are software limitations, Bright Data currently has, under the Discovery Order, until January 13, to complete its review of NetNut's source code and amend its infringement contentions for each of the five asserted patents and the two accused systems. Because Bright Data's reviewer cannot begin until January 5 due to the holidays and his work schedule, Bright Data seeks an extension for amending its infringement contentions to February 4, which is 30 days after its reviewer can begin reviewing the source code. The proposed change will not affect any other deadlines and will not impact the Parties' discovery efforts as fact discovery does not close until April 13, and NetNut's rebuttal expert reports are not due until May 18.

The five additional days NetNut proposed for an extension is inadequate time for Bright Data to thoroughly review the code, resolve issues with the code production, and amend infringement contentions based on this code for five asserted patents and two accused systems.[1] NetNut also argues it is somehow prejudiced by this extension. But NetNut cannot show how an additional 17 days beyond the extension NetNut offered prejudices NetNut, particularly as NetNut's rebuttal expert reports are not due for almost six months.

---

[1] NetNut also argues that some of the source code is the same as in prior litigation and Bright Data is using the same reviewer. But whether the reviewer had access to some of code before is irrelevant. The reviewer would still need to review all of the code as this case may involve different aspects of the code from prior litigation given the five different asserted patents and additional accused system in the current litigation.

Bright Data's requested extension is reasonable in view of the holidays, the reviewer's schedule, and the significant work involved in source code review and amending infringement contentions.  Accordingly, Bright Data respectfully requests the Court extend the deadline for Bright Data to amend its infringement contentions from January 13, 2022, to February 4, 2022.

Dated: December 23, 2021

By: */s/ J. Michael Woods*

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com

J. Mark Mann
G. Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
blake@themannfirm.com
Office 903-657-8540
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Thomas Dunham
Ronald Wielkopolski
J. Michael Woods
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

tomd@ruyakcherian.com
ronw@ruyakcherian.com
michaelw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Bright Data Ltd.*

### CERTIFICATE OF CONFERENCE

I hereby certify that the parties have complied with the meet and confer requirement in Local Rule CV-7(h).  On December 22, 2021, lead and local counsel for the Parties conferred via telephone and could not reach an agreement.

*/s/ J. Michael Woods*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of December, 2021, via the Court's CM/ECF system.

*/s/ J. Michael Woods*