IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NETNUT LTD.<br><br>　　　　Defendant. | Case No. 2:21-CV-00225-JRG-RSP |

**DEFENDANT NETNUT LTD.'S OPPOSITION TO
PLAINTIFF'S OPPOSED MOTION TO EXTEND THE DEADLINE FOR
AMENDING INFRINGEMENT CONTENTIONS IN THE DISCOVERY ORDER**

On December 14, 2021, NetNut informed Bright Data that its source code was available for inspection. Ex. A. Despite the parties' coordination on the motion for the Docket Control Order only two months earlier (Dkt. 48) and knowing that NetNut's source code production was due by December 17 (Dkt. 56 at 5), Bright Data waited until December 21 to inform NetNut that its source code reviewer was "unavailable" until January 5 and that it wanted to extend the deadline for amending its infringement contentions pursuant to the Discovery Order (Dkt. 57 ¶ 3(a)(i)). Bright Data's motion (Dkt. 80) does not address its lack of preparation or explain why it failed to coordinate with its reviewer earlier. Instead, Bright Data merely asserts that the reviewer's failure to review the code is "due to the holidays and his work schedule." Dkt. 80 at 1. Mindful of the case schedule and upcoming due dates related to claim construction briefing and discovery, NetNut agreed to a five-day extension. This is a fair compromise between accommodating any delay due to the holidays and avoiding prejudice to NetNut in view of the case schedule and need to timely receive Bright Data's amended infringement contentions. Bright Data rejected this compromise.

Ex. A.  Instead, Bright Data seeks to unilaterally restart the deadline for supplementation until a time convenient for Bright Data to begin its source code review.  Dkt. 80 at 1.  This is contrary to the Discovery Order.  It is also prejudicial to NetNut and unwarranted under the circumstances of this case.

*First*, restarting the deadline for supplementation based on when Bright Data's source code reviewer is available, as proposed in its motion, would move the current deadline for amended infringement contentions from January 13, 2022 to February 4, 2022.[1]  *Id*.  This is prejudicial to NetNut.  Among other things, this new deadline is after the parties will have solidified their claim construction positions in their P.R. 4-3 Joint Claim Construction Statement on January 26, 2022.  Dkt. 56 at 4.  As the Court has explained, the Local Patent Rules encourage "specificity and crystallization of the disputes early in the case," because this helps with "narrowing issues for Markman, summary judgment, trial, and beyond."  *Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-CV-00182-JRG, 2018 WL 11182156, at *5 (E.D. Tex. July 2, 2018) (internal quotations and quoted source omitted).  This is also prejudicial to NetNut as claim construction discovery, including for expert depositions and investigating asserted claim construction theories, must be completed by February 9, 2022.  Dkt. 56 at 4.  Under the current January 13 deadline (or with an extension to January 18), NetNut is afforded more than five days to digest Bright Data's amended infringement contentions and claim construction positions in relation to the asserted patents and accused systems.

*Second*, Bright Data has shown no good cause or excuse for its lack of preparation.  While Bright Data asserts that its source code reviewer "cannot begin his review until January 5 due to the

---

[1] Under NetNut's proposed five-day extension, the amended infringement contentions would be due on January 18, 2022.  This allows Bright Data ample time to review the source code and provide its supplementations, even if its reviewer does not start inspecting the code until January 5.

holidays and his work schedule," Dkt. 80 at 1, Bright Data offers no reason why it could not have coordinated with its source code reviewer earlier or had the source code reviewed *before* the holidays.  *See* Ex. A.  Indeed, NetNut's source code was made available for inspection on December 14, 2021, three days in advance of the December 17 deadline.  *Id*.  Despite being fully aware of the schedule and NetNut's code production, Bright Data waited until December 21 to first indicate that it needed more time to begin review of the source code and wanted to extend its supplementation deadline.  Never—including during the parties' meet-and-confer on December 22, 2021—did Bright Data explain why it neglected to review NetNut's source code when it was made available.  The disclosure of NetNut's source code was no surprise.  Under the Docket Control Order, NetNut's technical document production under P.R. 3-4(a) was due by December 17, 2021.  Dkt. 56 at 5.  As the plaintiff who chose to file this litigation against NetNut, Bright Data should have been prepared and planned in advance with its source code reviewer to inspect NetNut's source code beginning in mid-December.  "The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit…."  *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 1911388, at *4 (E.D. Tex. Apr. 20, 2020) (quoted source omitted).  It is unfair for Bright Data to bring this suit against NetNut, only to shirk its obligations and the case deadlines according to its convenience.

*Third*, the circumstances of this case demonstrate that, if anything, *less* time is needed for Bright Data's review of NetNut's source code.  In both this case and Bright Data's prior case against NetNut, one of the two accused systems is the same and both relate to proxy services.  *Compare Luminati Networks Ltd. v. NetNut Ltd.*, No. 2-20-cv-00188, Dkt. 1 ¶¶ 12, 41, 54 (E.D. Tex. June 11, 2020) (accusing "static residential" proxy services), *with Bright Data Ltd. v. NetNut Ltd.*, No. 2:21-cv-00225, Dkt. 40 ¶¶ 5, 28 (E.D. Tex. Oct. 11, 2021) (accusing the same).  *See* Ex.

A.  The patents-in-suit here also share a common specification with each other and the patents in the prior case, and all of the asserted claims relate to similar proxy methods.  *See* Dkt. 40 ¶¶ 10, 15.  Moreover, the produced code is similar, and in both cases Bright Data has chosen to use the same source code reviewer, Matthew McKune.  Ex. A.  Given this background and Bright Data's familiarity with NetNut's products and code, NetNut's compromise of a five-day extension provides more than ample time for Bright Data to review the source code and prepare its supplementation for this case.[2]

     For these reasons, NetNut respectfully opposes Bright Data's request to restart the Court's deadline for supplementation of Bright Data's infringement contentions according to a date convenient to Bright Data.  As the plaintiff in this case, Bright Data should have been prepared to meet the Court's deadlines, as NetNut has consistently done.  Given the holidays, NetNut's offer of a five-day extension (i.e., moving the deadline to January 18, 2022) provides sufficient time for Bright Data to meet its supplementation obligations and should have resolved this dispute.  Bright Data's rejection of this compromise is excessive under the circumstances and would prejudice NetNut's ability to timely understand Bright Data's infringement theories and adequately prepare its claim construction positions and briefing for the Court's consideration.

Dated:  December 31, 2021     By:     */s/ Eric H. Findlay*
     Eric H. Findlay (TX Bar No. 00789886)
     FINDLAY CRAFT, P.C.
     102 North College Avenue, Suite 900
     Tyler, Texas 75702
     Tel: (903) 534-1100
     Fax: (903) 534-1137
     Email: efindlay@findlaycraft.com

---

[2] With a five-day extension, the amended infringement contentions would be due on January 18, 2022.  Bright Data fails to address why this extension would be insufficient.

Elliot C. Cook
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
11955 Freedom Drive, Reston,
VA 20190-5675
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400
cory.bell@finnegan.com

C. Gregory Gramenopoulos
Alissa Green
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Ave.
Washington, DC 20001
Tel: (202) 408-4305
Fax: (202) 408-4400
c.gregory.gramenopoulos@finnegan.com
alissa.green@finnegan.com

Kevin D. Rodkey
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
271 17th St. NW
Suite 1400
Atlanta, GA 30363
Tel: (404) 653-6484
Fax: (202) 408-4400
kevin.rodkey@finnegan.com

*Attorneys For Defendant NetNut Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 31st day of December, 2021, via the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay