**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BRIGHT DATA LTD. | Case No. 2:21-cv-00225-JRG-RSP |
| *Plaintiff*, | ██████████████ |
| v. | **JURY TRIAL DEMANDED** |
| NETNUT LTD. | |
| *Defendant.* | |

**DEFENDANT NETNUT LTD.'S MOTION FOR
<u>SUMMARY JUDGMENT OF INVALIDITY</u>**

## Table of Contents

I.     STATEMENT OF ISSUES TO BE DECIDED ..................................................... 1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................... 1

III.   LEGAL STANDARD ........................................................................................... 8

IV.   ARGUMENT ........................................................................................................ 10

     A.     There is no written description support for using HTTPS or HTTPS requests in the claimed methods, and thus the '713, '852, and '346 patents are not entitled to claim priority to any earlier applications ................................ 10

     B.     For purposes of this motion only, the Court may accept as true Bright Data's allegation that the specification provides support for HTTP being used in the claimed methods .................................................................. 14

     C.     Shribman contains an identical disclosure to the '713, '852, and '346 patent specifications and, therefore, anticipates the asserted claims because Shribman discloses the claimed method using HTTP .......................................... 15

     D.     To the extent Bright Data argues that there is no support in Shribman for a claim element, that is an admission that the claims are invalid for lack of written description ............................................................................ 15

V.     CONCLUSION ..................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ariad Pharms. Inc. v. Eli Lily & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010).............................................................................8, 9

*Biogen Int'l GmBH v. Mylan Pharms. Inc.*,
  18 F.4th 1333 (Fed. Cir. 2021) ................................................................................13

*Brown v. 3M*,
  265 F.3d 1349 (Fed. Cir. 2001)....................................................................10, 14, 15

*D Three Enters., LLC v. SunModo Corp.*,
  890 F.3d 1042 (Fed. Cir. 2018)..................................................................... *passim*

*Evans Cooling Sys., Inc. v. Gen. Motors Corp.*,
  125 F.3d 1448 (Fed. Cir. 1997)................................................................................14

*Flash-Control, LLC v. Intel Corp.*,
  2021 WL 2944592 (Fed. Cir. July 14, 2021) .........................................................13

*In re Katz Interactive Call Processing Patent Litigation*,
  639 F.3d 1303 (Fed. Cir. 2011)................................................................................12

*Knowles Elecs. LLC v. Cirrus Logic, Inc.*,
  883 F.3d 1358 (Fed. Cir. 2018)........................................................................... 11-12

*Lockwood v. Am. Airlines, Inc.*,
  107 F.3d 1565 (Fed. Cir. 1997)....................................................................9, 10, 13

*Natural Alternatives Int'l, Inc. v. Iancu*,
  904 F.3d 1375 (Fed. Cir. 2018).................................................................................8

*Nuvo Pharms. (Ireland) Designated Activity Co. v. Dr. Reddy's Labs. Inc.*,
  923 F.3d 1368 (Fed. Cir. 2019)................................................................................12

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
  522 F.3d 1299 (Fed. Cir. 2008)..........................................................................9, 13

*Vanmoor v. Wal-Mart Stores, Inc.*,
  201 F.3d 1363 (Fed. Cir. 2000)................................................................................14

**Statutes**

35 U.S.C. § 102..................................................................................................................7

35 U.S.C. § 112, ¶ 1..........................................................................................................8

**Federal Rules**

Fed. R. Civ. P. 56(f)........................................................................................................15

I.      **STATEMENT OF ISSUES TO BE DECIDED**

Three of the five asserted patents are invalid over a prior-published, related application because the patents lack written description support and priority for using "Hypertext Transfer Protocol Secure (HTTPS)" in the claimed methods. "HTTPS" and related terms appear only in the issued claims of the asserted patents and were not described or within the inventors' possession when the priority applications were filed. Defendant NetNut Ltd. respectfully requests that the Court grant summary judgment on the following issues:

(1)  Claims 1-29 of U.S. Patent No. 10,491,713 are invalid as anticipated by U.S. Patent Application Publication No. 2011/0087733 A1 to Shribman et al. ("Shribman");

(2)  Claims 1-27 of U.S. Patent No. 11,044,346 are invalid as anticipated by Shribman; and

(3)  Claims 1-29 of U.S. Patent No. 11,050,852 are invalid as anticipated by Shribman.[1]

Because the issues presented herein relate to certain claim terms also proposed for construction, NetNut respectfully requests that the Court hear argument on this motion at the April 6, 2022, claim construction hearing, if the Court's calendar allows. *See* Dkt. 89. NetNut concurrently files herewith a motion for expedited briefing so that these issues may be heard together.

II.     **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.   Bright Data asserts five patents against NetNut in this case: U.S. Patent Nos. 10,257,319 ("the '319 patent"); 10,484,510 ("the '510 patent"); 10,491,713 ("the '713 patent"); 11,044,346 ("the '346 patent"); and 11,050,852 ("the '852 patent"). Dkt. 41.

2.   The '713 patent was filed as U.S. Patent Application No. 16/396,695 on April 28, 2019. Ex. A, Dkt. 41-3 at 1. The '713 patent claims priority to U.S. Provisional Application

---

[1] For purposes of this motion, NetNut takes no position whether the claims of the '713, '852, and '346 patents can provide written description support and reserves the right to challenge the lack of written description on this basis in this litigation or another proceeding.

No. 61/249,624, filed October 8, 2009 ("the '624 Provisional Application").

3.  The '346 patent was filed as U.S. Patent Application No. 17/146,701 on January 12, 2021. Ex. C, Dkt. 41-5 at 1. The '346 patent claims priority to the '624 Provisional Application.

4.  The '852 patent was filed as U.S. Patent Application No. 16/600,506 on October 13, 2019. Ex. B, Dkt. 41-4 at 1. The '852 patent claims priority to the '624 Provisional Application.

5.  Shribman was filed as U.S. Patent Application No. 12/836,059 on July 14, 2010 and was published on April 14, 2011. Ex. D at 1. The publication date of Shribman is more than one year before the actual filing dates of the '713, '852, and '346 patents.

6.  The '713 patent includes independent claim 1 and dependent claims 2-29 that depend from claim 1. Ex. A, Dkt. 41-3 at 19:16-22:19. All claims of the '713 patent are method claims.

7.  The '346 patent includes independent claim 1 and dependent claims 2-27 that depend from claim 1. Ex. C, Dkt. 41-5 at 19:17-21:4. All claims of the '346 patent are method claims.

8.  The '852 patent includes independent claim 1 and dependent claims 2-29 that depend from claim 1. Ex. B, Dkt. 41-4 at 19:16-22:20. All claims of the '852 patent are method claims.

9.  Bright Data asserts claims 1, 11, 24, and 27 of the '713 patent. Ex. F at 3.

10.  Bright Data asserts claims 1, 15, 17, 20, and 22-26 of the '346 patent. Ex. F at 3.

11.  Bright Data asserts claims 1, 14, 25, and 28 of the '852 patent. Ex. F at 3.

12.  Claim 1 of the '713 patent recites "Hypertext Transfer Protocol Secure (HTTPS)" and "a web server that is … [a] Hypertext Transfer Protocol Secure (HTTPS) server" and "identifying, an HTTP or HTTPS request for the first content." Ex. A, Dkt. 41-3 at 19:19-21, 19:27-28.

13.  Claim 1 of the '346 patent recites "Hypertext Transfer Protocol Secure (HTTPS)" and "sending, to the first server over the Internet, a geographical location and HTTP or HTTPS

requests for the URLs of the multiple parts," and claim 17 of the '346 patent recites "the web server is … [a] Hypertext Transfer Protocol Secure (HTTPS) server." Ex. C, Dkt. 41-5 at 19:27-29, 20:30-34.

14. Claim 1 of the '852 patent recites "Hypertext Transfer Protocol Secure (HTTPS)" and "a web server that is … [a] Hypertext Transfer Protocol Secure (HTTPS) server" and "generating an HTTP or HTTPS request that comprises the first URL and a geographical location," and "sending, to the second server using the second IP address over the Internet, the generated HTTP or HTTPS request." Ex. B, Dkt. 41-4 at 19:18-20, 26-30.

15. Except for the claims, the '713 patent does not recite or describe "Hypertext Transfer Protocol Secure," "HTTPS," "HTTPS server," or "HTTPS request[s]." *See generally* Ex. A, Dkt. 41-3.

16. Except for the claims, the '346 patent does not recite or describe "Hypertext Transfer Protocol Secure," "HTTPS," "HTTPS server," or "HTTPS request[s]." *See generally* Ex. C, Dkt. 41-5.

17. Except for the claims, the '852 patent does not recite or describe "Hypertext Transfer Protocol Secure," "HTTPS," "HTTPS server," or "HTTPS request[s]." *See generally* Ex. B, Dkt. 41-4.

18. The '624 Provisional Application does not recite or describe "Hypertext Transfer Protocol Secure," "HTTPS," "HTTPS server," or "HTTPS request[s]." *See generally* Ex. E.

19. HTTPS differs from HTTP at least because HTTPS requires encrypting HTTP requests and communications using a secure connection, whereas HTTP is unencrypted.

20. The '713 patent's specification and figures do not recite or describe "Transport Layer Security," "TLS," Secure Socket Layer," or "SSL," or use any derivative of these terms.

*See generally* Ex. A, Dkt. 41-3.

21.  The '346 patent's specification and figures do not recite or describe "Transport Layer Security," "TLS," Secure Socket Layer," or "SSL," or use any derivative of these terms. *See generally* Ex. C, Dkt. 41-5.

22.  The '852 patent's specification and figures do not recite or describe "Transport Layer Security," "TLS," Secure Socket Layer," or "SSL," or use any derivative of these terms. *See generally* Ex. B, Dkt. 41-4.

23.  The '713 patent's specification and figures do not recite or describe "encryption," "encrypt," "cryptography," "cryptographic," "masking," "security," "secure," or use any derivative of these terms. *See generally* Ex. A, Dkt. 41-3.

24.  The '346 patent's specification and figures do not recite or describe "encryption," "encrypt," "cryptography," "cryptographic," "masking," "security," "secure," or use any derivative of these terms. *See generally* Ex. C, Dkt. 41-5.

25.  The '852 patent's specification and figures do not recite or describe "encryption," "encrypt," "cryptography," "cryptographic," "masking," "security," "secure," or use any derivative of these terms. *See generally* Ex. B, Dkt. 41-4.

26.  The '624 Provisional Application's specification and figures do not recite or describe "encryption," "masking," "secure," or use any derivative of these terms.

27.  In response to NetNut's Interrogatory No. 2, requiring Bright Data to "describe specifically where in U.S. Provisional App. No. 61/249,624 [Bright Data] contend[s] there is written description support for the claims," Bright Data only cited to the entire patent and did not identify any specific written description support for using "HTTPS," "HTTPS server," or "HTTPS request[s]" in the claims of the '713, '852, and '346 patents. Ex. G at 6-7.

28. In response to NetNut's Interrogatory No. 3, requiring Bright Data to "describe specifically where in the respective specification [Bright Data] contend[s] there is written description support for the claims," Bright Data only cited to the entire patent and did not identify any written description support specifically for using "HTTPS," "HTTPS server," or "HTTPS request[s]" in the claims of the '713, '852, and '346 patents. Ex. G at 7-8.

29. In its discovery responses, Bright Data has not identified any specific column and line or figure citation that supports using "HTTPS," "HTTPS server," and "HTTPS request(s)" in the claims of the '713, '852, and '346 patents or the '624 Provisional Application.

30. The specification and figures of Shribman are substantively identical to the '713 patent.

31. The specification and figures of Shribman are substantively identical to the '346 patent.

32. The specification and figures of Shribman are substantively identical to the '852 patent.

33. On January 20, 2022, the U.S. Patent and Trademark Office ("USPTO") ordered reexamination of the '852 patent in Reexamination Control No. 90/014,920 ("the '852 reexam") based on a finding that the '852 patent was not entitled to an earlier priority date than the actual filing date because the written description of the '852 patent and the patents and applications to which the '852 patent claims priority do not provide support for the claimed methods using HTTPS, HTTPS clients or servers, and HTTPS requests. Ex. H at 2.

34. In the '852 reexam, the Examiner conducted a "Priority Date Analysis," finding that "[t]he Disclosures on which the 11,050,852 patent … relies for an earlier priority filing date … fail to comply with the written description requirement, under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph." Ex. H at 7. The Examiner further found that "[s]ervers and clients making use of HTTPS is not a trivial replacement for HTTP." *Id.* at 8. The USPTO also found that "the disclosures provide no analysis, examples, or

description of how the claimed clients and servers would use HTTPS instead of HTTP. This is no small matter considering HTTPS involves many different configurations and applications, which require proper usage in order to ensure security." *Id.* at 9.

35. On January 24, 2022, the USPTO ordered reexamination of the '713 patent in Reexamination Control No. 90/019,041 ("the '713 reexam") based on a finding that the '713 patent was not entitled to an earlier priority date than the actual filing date because the written description of the '713 patent and the patents and applications to which the '713 patent claims priority do not provide support for the claimed methods using HTTPS, HTTPS clients or servers, and HTTPS requests. Ex. I at 2.

36. In the '713 reexam, the Examiner conducted a "Priority Date Analysis," finding that "[t]he Disclosures on which the 10,491,713 patent … relies for an earlier priority filing date … fail to comply with the written description requirement, under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph." Ex. I at 7. The USPTO further found that "[s]ervers and clients making use of HTTPS is not a trivial replacement for HTTP." *Id.* The USPTO also found that "the disclosures provide no analysis, examples, or description of how the claimed clients and servers would use HTTPS instead of HTTP. This is no small matter considering HTTPS involves many different configurations and applications, which require proper usage in order to ensure security." *Id.*

37. On January 12, 2022, Reexamination Control No. 90/014,940 ("the '346 reexam") was filed with the USPTO asserting that the '346 patent was not entitled to an earlier priority date than the actual filing date because the written description of the '346 patent and the patents and applications to which the '346 patent claims priority do not provide support for the claimed methods using HTTPS and HTTPS requests. Ex. J at 13-23; Ex. K at ¶¶ 41-63.

38.   If the '713 patent is not entitled to an earlier priority date and is accorded an earliest filing date of the actual filing date of April 28, 2019, Shribman is prior art to the '713 patent under America Invents Act ("AIA") 35 U.S.C. § 102(a)(1) and no § 102(b)(1) exception applies because Shribman was published more than one year before April 28, 2019.

39.   If the '346 patent is not entitled to an earlier priority date and is accorded an earliest filing date of the actual filing date of January 12, 2021, Shribman is prior art to the '346 patent under America Invents Act ("AIA") 35 U.S.C. § 102(a)(1) and no § 102(b)(1) exception applies because Shribman was published more than one year before January 12, 2021.

40.   If the '852 patent is not entitled to an earlier priority date and is accorded an earliest filing date of the actual filing date of October 13, 2019, Shribman is prior art to the '852 patent under America Invents Act ("AIA") 35 U.S.C. § 102(a)(1) and no § 102(b)(1) exception applies because Shribman was published more than one year before October 13, 2019.

41.   Bright Data alleges that the specification of the '713 patent provides written description support for each element of the claims of the '713 patent using "HTTP" and "HTTP request[s]." If the '713 patent is not entitled to an earlier priority date due to the lack of written description support for performing the claimed methods using "HTTPS" and "HTTPS request[s]," then Shribman is prior art and discloses each element of the claims of the '713 patent because it has a substantially identical specification and set of figures to the '713 patent and discloses each element of the claims using HTTP.[2]

42.    Bright Data alleges that the specification of the '852 patent provides written description support for each element of the claims of the '852 patent using "HTTP" and "HTTP

---

[2] NetNut reserves the right to challenge written description support for other claim elements, such as "geographical location," as recited in the claims of the '713, '852, and '346 patents.

request[s]." If the '852 patent is not entitled to an earlier priority date due to the lack of written description support for performing the claimed methods using "HTTPS" and "HTTPS request[s]," then Shribman is prior art and discloses each element of the claims of the '852 patent because it has a substantially identical specification and set of figures to the '852 patent and discloses each element of the claims using HTTP.

43.    Bright Data alleges that the specification of the '346 patent provides written description support for each element of the claims of the '346 patent using "HTTP" and "HTTP request[s]." If the '346 patent is not entitled to an earlier priority date due to the lack of written description support for performing the claimed methods using "HTTPS" and "HTTPS request[s]," then Shribman is prior art and discloses each element of the claims of the '346 patent because it has a substantially identical specification and set of figures to the '346 patent and discloses each element of the claims using HTTP.

## III.    LEGAL STANDARD

"Patent claims 'are not entitled to an earlier priority date merely because the patentee claims priority.'" *Natural Alternatives Int'l, Inc. v. Iancu*, 904 F.3d 1375, 1380 (Fed. Cir. 2018) (citation omitted). A patent owner bears the burden of showing priority to an earlier application. *D Three Enters., LLC v. SunModo Corp.*, 890 F.3d 1042, 1046-47, 1049 (Fed. Cir. 2018).

35 U.S.C. § 112, ¶ 1, requires that the "[t]he specification shall contain a written description of the invention." *Ariad Pharms. Inc. v. Eli Lily & Co.*, 598 F.3d 1336, 1343 (Fed. Cir. 2010) (en banc). "[T]he hallmark of written description is disclosure." *Id.* at 1351. The test for written description is "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* This test "requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art" because "it is the

specification itself that must demonstrate possession." *Id.* Although a disclosure may be interpreted from the vantage point of a person of ordinary skill of the art ("POSITA"), "*all* the limitations must appear *in the specification*." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) (emphasis added). "[T]he specification itself must demonstrate possession" and "a description that merely renders [a claimed] invention obvious does not satisfy the requirement." *Ariad*, 598 F.3d at 1352 (citation omitted).

To claim priority to an earlier application, the patentee must show written description support in the parent applications for the entire scope of the claims. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008). "[E]ach application in the [priority] chain" must fully comply with the written description requirement. *Lockwood*, 107 F.3d at 1572. "Entitlement to a [prior] filing date does not extend to subject matter which is not disclosed" in the priority application, even if it "would have been obvious over what is expressly disclosed." *Id.* at 1571-72; *Ariad*, 598 F.3d at 1352. "[A] prior application itself must describe an invention" and must "do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Lockwood*, 107 F.3d at 1572. Importantly, "[i]t is not sufficient for purposes of the written description requirement of § 112 that the disclosure, when combined with the knowledge in the art, would lead one to speculate as to modifications that the inventor might have envisioned, but failed to disclose." *Id.*

A court may grant summary judgment of invalidity based on lack of priority when the prior application does not provide written description support for the claims of the later patent. *See D Three Enters., LLC v. SunModo Corp.*, 890 F.3d 1042, 1048-52 (Fed. Cir. 2018); *PowerOasis*, 522 F.3d at 1309-11. Summary judgment is proper when there is "no material fact in dispute, or no reasonable version of material fact upon which the nonmovant could prevail."

*Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001).[3]

## IV.    ARGUMENT

The issued claims of the '713, '852, and '346 patents recite methods using "Hypertext Transfer Protocol *Secure* (HTTP*S*)," a "web server that is … [a] Hypertext Transfer Protocol Secure (HTTP*S*) server," and using "HTTP*S* request[s]" in the claimed methods. Undisputed Facts 15-18. The specification, however, does not recite or describe these terms or using HTTPS, HTTPS clients and servers, or HTTPS requests in the claimed methods. Undisputed Facts 12-26. The specification also does not describe any other encryption or security mechanism, such as cryptographic protection, masking, encrypting with TLS or SSL protocols, or using encrypted versions of HTTP requests in the claimed invention. Undisputed Facts 20-26. The priority applications have the same disclosure and thus do not disclose the claimed methods using "HTTPS," "web server that is … [an HTTPS] server," or "HTTPS request[s]." Thus, the '713, '852, or '346 patent cannot claim priority before their actual filing dates. Undisputed Facts 26, 30-32. Because the claims recite two alternative methods—HTTP or HTTPS—and the prior art Shribman publication discloses the claimed methods using HTTP, the asserted claims of the '713, '852, and '346 patents are invalid for anticipation, Undisputed Facts 30-32, 38-43.

### A.    There is no written description support for using HTTPS or HTTPS requests in the claimed methods, and thus the '713, '852, and '346 patents are not entitled to claim priority to any earlier applications

Written description requires actual disclosure in the patent specification of *every* claim limitation. *Lockwood*, 107 F.3d at 1572. There is no written description support for the claimed method using "HTTPS," a "web server that is … [an HTTPS] server," or "HTTPS request[s]" as

---

[3] Here, the Court can decide this motion without resolving the related claim construction issues because it is undisputed that HTTPS requires encryption while HTTP is unencrypted. Undisputed Facts 19, 38-43.

recited in the claims of the '713, '852, and '346 patents. The specification is the same as each of the non-provisional applications in the priority chain and thus there is no written description support in those applications to which priority can be claimed. *D Three*, 890 F.3d at 1046-47, 1049.

There can be no dispute that the terms "Hypertext Transfer Protocol *Secure*," "HTTP*S*," "HTTP*S* server," and "HTTP*S* request[s]" are not recited or described by the specification. Undisputed Facts 15-29. Nor can there be any dispute that the specification does not disclose an embodiment of the claimed methods using HTTPS, HTTPS clients or servers, and HTTPS requests, or any encryption or security measures to provide encrypted HTTPS requests. Undisputed Facts 15-29. Even under Bright Data's overly-broad view that HTTPS is merely an encrypted form of HTTP, the encryption difference is significant because it precludes the claimed invention from operating as described in the specifications. Undisputed Facts 33-37; *see* Ex. H; Ex. I; Ex. J at 13-23; Ex. K at ¶ 43-62.

Indeed, the specifications contain no discussion encrypting or securing HTTP requests, even in a general sense, such as through encryption, cryptography, cryptographic means, masking, or general security. Undisputed Facts 25-32. Nor is there any disclosure of using an encrypted protocol, such as TLS or SSL encryption protocols, or how the claimed invention, which relies on intercepting and reading the request's content, would operate when the intercepted request is encrypted as when using HTTPS. Undisputed Facts 15-32. Indeed, HTTPS was designed precisely to *prevent* the interception described in the '713, '346, and '852 patents. Ex. J at 19-20, Ex. K at ¶¶ 58, 53-58; Undisputed Facts 33-37. Because there is no support in the patents' specifications or the priority applications, which share the same specification, the '713, '852, and '346 patents cannot claim priority to an earlier application. *In re Katz Interactive Call*

11

*Processing Patent Litigation*, 639 F.3d 1303, 1322 (Fed. Cir. 2011) (citation omitted).

Although the specifications recite that "other protocol requests are equally capable of being handled by the present system and method" and "in separate embodiments the acceleration method described may accelerate any communication protocol in any OSI layer (SMTP, DNS, UDP, ETHERNET, etc.)," Ex. A, Dkt. 41-3 at 17:14-20,[4] these statements also do not describe or show possession of the claimed methods using HTTPS or any encrypted protocol. *See D Three*, 890 F.3d at 1051 (boilerplate language that other embodiments can be used cannot provide written description); *Knowles Elecs. LLC v. Cirrus Logic, Inc.*, 883 F.3d 1358, 1367-68 (Fed. Cir. 2018) (general disclosure does not provide written description for specific claimed embodiments); *Nuvo Pharms. (Ireland) Designated Activity Co. v. Dr. Reddy's Labs. Inc.*, 923 F.3d 1368, 1377, 1380-81 (Fed. Cir. 2019). A POSITA would not understand HTTPS to be one of the "other protocols" referred to in the '713, '852, and '346 patents at least because the described embodiments would not function if the client requests were HTTPS requests. *See* Ex. J at 17-18; Ex. K at ¶¶ 53-54, 58; Undisputed Facts 33-37. The purpose of HTTPS was to prevent various modes of intercepting HTTP connections, such as those described in the '713, '852, and '346 patents. Ex. J at 19-20, *e.g.*, Ex. K at ¶¶ 53-54, 58; Undisputed Facts 33-37.

To the extent Bright Data argues that a POSITA *could* have used HTTPS in the claimed method or would have thought to use HTTPS—a highly doubtful at best because HTTPS was designed to prevent the processes described and claimed in the '713, '852, and '346 patents, Ex. J at 16-23; Ex. K at ¶¶ 53-62—such allegations are irrelevant to the written description requirement. Written description is "satisfied *only* if the inventor 'convey[s] with reasonable clarity to those skilled in the art that … he or she was in possession of the [claimed] invention,'

---

[4] Citations to the '713 patent are exemplary of the common specification and Shribman.

and demonstrate[s] that *by disclosure in the specification* of the patent.'" *Biogen Int'l GmBH v. Mylan Pharms. Inc.*, 18 F.4th 1333, 1341-42 (Fed. Cir. 2021) (emphasis added). Whether it may have been obvious to use HTTPS cannot correct the deficient disclosures. *Id.* The written description requirement is not satisfied even by "disparate disclosures that [a POSITA] might have been able to combine in order to make the claimed invention," and not, as here, where there is no disclosure at all. *Flash-Control, LLC v. Intel Corp.*, 2021 WL 2944592, at *4 (Fed. Cir. July 14, 2021) (nonprecedential); *PowerOasis*, 522 F.3d at 1309-10 (no written description for interface on user device because specification showed interface only on non-user device).

Whether a POSITA had knowledge of HTTPS or may have understood that HTTP *could be* encrypted using HTTPS cannot save the claims. "It is not sufficient … that the disclosure, when combined with the knowledge in the art, would lead one to speculate as to the modifications that the inventor might have envisioned, but failed to disclose." *D Three*, 890 F.3d at 1050 (quoting *Lockwood*, 107 F.3d at 1572). There is simply no description of using HTTPS or the claimed methods using HTTPS requests in the '713, '852, or '346 patents' specifications or the priority applications' common specification. Undisputed Facts 15-32. The Patent Office, when finding a lack of written description and ordering reexamination of the '713 and '852 patents, found that "[s]ervers and clients making use of HTTPS is not a trivial replacement for HTTP," including because "HTTPS is at least in part for securing communication[s]" against third parties to prevent "man-in-the-middle attacks." Ex. H at 8-9; Ex. I at 7; Undisputed Facts 33-37. The '713, '852, and '346 patents and the priority applications do not explain how to modify the unencrypted HTTP embodiments described therein to use encrypted HTTPS protocols and to circumvent the very protections HTTPS was designed to provide. They therefore fail to provide written description support for the claims.

To the extent Bright Data argues that the specifications of the '713, '852, and '346 patents do not expressly *exclude* HTTPS, the Federal Circuit has rejected such argument. The court has explained that when "[t]here are no statements in the [specification] … that suggest various attachment brackets *cannot* be used" in the described embodiments, this *supports* finding a lack of written description, because it shows that the inventors had not possessed the now-claimed elements. *D Three*, 890 F.3d at 1050. Here, the complete lack of any discussion or description support for using HTTPS, HTTPS clients and servers, or HTTPS requests, encryption, cryptography, or security, or how to modify the non-encrypted HTTP embodiments to use an encrypted HTTPS protocol, even generically, confirms a lack of written description. *Id.*

Bright Data cannot show written description support and the '713, '852, and '346 patents are not entitled to a filing date earlier than their actual filing dates. Undisputed Facts 38-43.

### B. For purposes of this motion only, the Court may accept as true Bright Data's allegation that the specification provides support for HTTP being used in the claimed methods

For purposes of this motion only, the Court may accept as true and NetNut does not contest that Bright Data's assertion that the claimed HTTP embodiments of the '713, '852, and '346 patents have sufficient written description support. Undisputed Facts 27-28, 38-43; *see Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997) (accused infringer may stipulate to all claim elements being met for invalidity while also asserting certain claim elements are not met for noninfringement); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366-67 (Fed. Cir. 2000) (same). Shribman shares a common specification with these patents, Undisputed Facts 30-32, and need only disclose the claimed methods using HTTP and HTTP requests to anticipate and thereby invalidate the claims. *Brown*, 265 F.3d at 1351.

**C.** **Shribman contains an identical disclosure to the '713, '852, and '346 patent specifications and, therefore, anticipates the asserted claims because Shribman discloses the claimed method using HTTP**

Because, for purposes of this motion, the Court may accept Bright Data's assertion that the prior art Shribman publication discloses the claimed HTTP embodiments, even though it does not disclose the claimed HTTPS embodiments, Undisputed Facts 1-11, 15-18, 27-28, 30-32, the Court can grant summary judgment of anticipation based on the lack of priority to the prior applications and earlier priority date. *See, e.g.*, *D Three*, 890 F.3d at 1050-51.

Shribman contains the same specification as the '713, '852, and '346 patents. Undisputed Facts 30-32. Because, for purposes of this motion, the Court may accept as true Bright Data's assertion that the specification discloses all elements of the claimed HTTP method embodiment (but not the claimed HTTPS method embodiment), Shribman anticipates each of the asserted claims of the '713, '852, and '346 patents. *Brown*, 265 F.3d at 1351 (Fed. Cir. 2001).

**D.** **To the extent Bright Data argues that there is no support in Shribman for a claim element, that is an admission that the claims are invalid for lack of written description**

Should Bright Data renounce its prior position that Shribman's specification discloses and provides written description support for all elements of the asserted claims of the '713, '852, and '346 patents, then the claims lack written description support under 35 U.S.C. § 112 and the Court can issue summary judgment for lack of written description under Fed. R. Civ. P. 56(f).

## V.   <u>CONCLUSION</u>

For the reasons above, all asserted claims of the '713, '852, and '346 patents cannot claim priority to an earlier filing date and are invalid as anticipated by Shribman when accepting, for purposes of this motion, Bright Data's assertion that the alternative HTTP embodiment is supported in the priority applications. The Court should grant this motion and hold that the claims of the '713, '852, and '346 patents lack priority and are anticipated by Shribman.

Dated:  February 11, 2022     By:     */s/ Eric H. Findlay*

Eric H. Findlay (TX Bar No. 00789886)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Elliot C. Cook
Denise A. Golumbaski
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1875 Explorer St., Suite 800
Reston, VA 20190
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com
denise.golumbaski@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400
cory.bell@finnegan.com

C. Gregory Gramenopoulos
Alissa Green
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Ave.
Washington, DC 20001
Tel: (202) 408-4305
Fax: (202) 408-4400
c.gregory.gramenopoulos@finnegan.com
alissa.green@finnegan.com

Kevin D. Rodkey
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
271 17th St. NW

Suite 1400
Atlanta, GA 30363
Tel: (404) 653-6484
Fax: (202) 408-4400
kevin.rodkey@finnegan.com

*Attorneys For*
*Defendant NetNut Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 11, 2022, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This Motion was served on all counsel by electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay
