IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD.<br><br>    *Plaintiff*,<br><br>v.<br><br>NETNUT LTD.<br><br>    *Defendant*. | Case No. 2:21-cv-00225-JRG-RSP<br><br>▬▬▬▬▬▬▬▬▬▬ |

**BRIGHT DATA LTD.'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT
RECORD FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.   ARGUMENT ........................................................................................................................ 2

   A.   Defendant Does Not Dispute Bright Data Challenged Defendant's Motion for Summary Judgment as Premature in Its Opposition. ...................................................................... 2

   B.   New Developments Have Occurred Since the Summary Judgment Motion Was Briefed That Support Bright Data's Motion to Supplement ................................................................. 2

   C.   Defendant Unduly Emphasizes the Procedural Vehicle for Relief, While Acknowledging That the Court Has Authority to Permit Additional Discovery Before Ruling on NetNut's Motion for Summary Judgment of Invalidity ................................................................. 3

   D.   Plaintiff's Motion Sufficiently Identified the Discovery That Is Necessary Prior to a Summary Judgment Determination of Invalidity .......................................................... 3

   E.   Expert Reports and Deposition Testimony on This Issue Could Not Have Been Obtained Earlier, Which Is Not Dispositive in Any Event ........................................................... 4

I. **INTRODUCTION**

Defendant NetNut does not dispute that Bright Data timely objected to Defendant's Motion as premature. Motion at 1-2. Nor does Defendant deny that (a) fact discovery is open, (b) Defendant argued for constructions of HTTP and HTTPS that incorporated specific requirements, and (c) Defendant has not served its expert report on invalidity (including for purported lack of written description) and Bright Data has not served its expert rebuttal report on validity (including in response to Defendant's position regarding purported lack of written description). Id. at 2. Since Defendant filed its opposition to the Motion, the Court has issued a claim construction order regarding the HTTP and HTTPS terms stating "the Court expressly rejects Defendant's proposal of referring to the presence or absence of encryption … because the specific details of the industry standards are a matter of factual dispute between the experts…." Dkt. 146 at 31. Defendant's arguments regarding waiver are unfounded and ignores that the motion to supplement specifically addresses matters that did not arise until the claim construction hearing that immediately preceded the summary judgment argument, after all briefing was concluded, a new development further confirmed by with the issuance of the claim construction order just yesterday that further supports that the issue regarding HTTP and HTTPS as understood by a POSA requires a more complete evidentiary record that will be developed factually and in expert reports prior to the normal summary judgment dates in the Docket Control Order. Regardless, the Court has the authority to issue any appropriate order under FRCP 56(e), including deferring consideration of Defendant's motion until after fact and expert discovery. Accordingly, to the extent that the Court continues to consider Defendant's Motion for Summary Judgment, Plaintiff respectfully requests that its Motion for Leave to Supplement the Record (the "Motion," Dkt. No. 138) be granted.

## II.     ARGUMENT

### A. Defendant Does Not Dispute Bright Data Challenged Defendant's Motion for Summary Judgment as Premature in Its Opposition.

Bright Data provided extensive argument challenging Defendant's Motion for Summary Judgment as premature in Bright Data's opposition, including because (a) fact discovery was open, (b) Defendant had proposed very specific and detailed constructions of the HTTP and HTTPS terms, which are at the heart of its motion for summary judgment, (c) Defendant had not yet served its expert report on invalidity with its written description argument, and (d) Bright Data has not yet had an opportunity to serve an expert rebuttal report regarding written description. Motion at 1-2 (Citing Dkt. 113 at 4-5 regarding UMF Nos. 20-29 and 7 and 13-14 regarding the expert reports and Defendant's claim construction position). Defendant cannot credibly argue that Bright Data waived any objection on the basis of Defendant's motion being premature.

Despite filing the motion for summary judgment before expert discovery, Defendant continues to improperly assert that Dr. Claffy's opinions regarding HTTP and HTTPS are "unrebutted." Dkt. 142 at 8. Defendant introduced and emphasized this argument repeatedly during the April 21, 2022 hearing, despite knowing that Dr. Claffy has not yet served her invalidity report and Dr. Williams has not yet had an opportunity to serve a rebuttal report. Motion at 3. This clearly justifies granting leave to supplement the record with the anticipated discovery.

### B. New Developments Have Occurred Since the Summary Judgment Motion Was Briefed That Support Bright Data's Motion to Supplement

Further, the Motion was filed following the April 21, 2022 hearing at which the Court heard arguments regarding claim construction followed by Defendant's premature Motion for Summary Judgment. As Bright Data argued in its opposition, Defendant's Motion for Summary Judgment was premature in part because Defendant was asserted very narrow and specific constructions of the HTTP and HTTPS terms. Since Bright Data's Motion and Defendant's response, the Court

has issued its claim construction order addressing the HTTP and HTTPS terms stating "the Court expressly rejects Defendant's proposal of referring to the presence or absence of encryption … because the specific details of the industry standards are a matter of factual dispute between the experts…." Dkt. 146 at 31. Consistent with Bright Data's opposition to the Motion for Summary Judgment and the present motion, the Court's ruling reinforces Bright Data's position that more factual evidence is necessary before a ruling on Defendant's Motion for Summary Judgment.

### C. Defendant Unduly Emphasizes the Procedural Vehicle for Relief, While Acknowledging That the Court Has Authority to Permit Additional Discovery Before Ruling on NetNut's Motion for Summary Judgment of Invalidity

Defendant's Response implies that the Court lacks the authority to address a prematurely filed motion for summary judgment, if an opposition to that motion has been filed, or alternatively if oral argument has taken place. *See, e.g.*, Response, at 4–5. That position is unsupportable. At bottom, the result is the same whether relief is fashioned under Rule 56(e) or Rule 56(d). *See id.* at 7 (conceding that in *Colonial Chevrolet Co., Inc. v. United States*, 139 Fed. Cl. 599, 604 (Fed. Cl. 2018), "Post-hearing, the court granted a Fed. R. Civ. P. *56(e)*" motion) (emphasis in original). Defendant's Response concedes that relief may be appropriate at least under Rule 56(e), and therefore, its arguments on the propriety of any particular procedural vehicle for relief are inapposite. Response, at 3–7. It is clearly within the authority of the Court to permit additional discovery prior to ruling on a motion for summary judgment in this situation.

### D. Plaintiff's Motion Sufficiently Identified the Discovery That Is Necessary Prior to a Summary Judgment Determination of Invalidity

Bright Data identified the specific fact and expert discovery that it anticipates will be produced before the close of expert discovery. Motion at 4-5; *see also* Wielkopolski Declaration at ¶¶ 4-6. Defendant's argument that the list of discovery including "expert discovery [addressing] additional written description arguments, including … (a) the disclosure of communication

3

protocols, including encrypted protocols (see e.g. '319 Pat. at 17:17-20); (b) the disclosure of "HTTP" and "HTTP/1.1" in the 5 patent specification (see e.g. '319 Pat. at 4:63-5:7, 12:65, 13:33, 17:14-17); (c) a POSA's understanding of HTTP/1.1, including the use of encryption, including in reference to the then available RFC 2616, which "reserves the method name CONNECT for use with a proxy that can dynamically switch to being a tunnel (e.g. SSL tunneling)" (RFC 2616 at 9.9), RFC 2817 titled "upgrading to TLS within HTTP/1.1" and RFC 2818 titled "HTTP Over TLS," which Defendant argued during claim construction was the governing RFC for HTTPS; and (d) a POSA's understanding of internet browsers" is not "specific" is simply not credible.

The specificity of this description belies Defendant's contention in the Response that Plaintiff failed to identify "any specific *facts*" to be established by further discovery.

### E. Expert Reports and Deposition Testimony on This Issue Could Not Have Been Obtained Earlier, Which Is Not Dispositive in Any Event

It is undisputed that *Defendant* has the burden to prove invalidity, including for lack of written description. Defendant has not serverd its invalidity expert report, including on grounds of written description. As a result, Bright Data has not yet served its rebuttal, which will further rebut Dr. Claffy's opinions, and the record is incomplete. Defendant cannot transfer its burden of proof to Bright Data. While Bright Data did not depose Dr. Claffy during claim construction discovery, it will depose Dr. Claffy on any invalidity report. Plaintiff's response to the Motion for Summary Judgment of Invalidity argued at length that the motion was "premature" precisely because expert testimony was necessary. *See, e.g.*, Dkt. No. 113, at 4.

Regardless, at least under Rule 56(e), there is no requirement to establish that the discovery could not have been obtained earlier. Again, to the extent that the Court deems Rule 56(e) the appropriate vehicle for relief, Plaintiff has no objection.

For the foregoing reasons, Plaintiff respectfully requests that the Motion be granted.

Dated: May 11, 2022

Respectfully submitted,

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
blake@themannfirm.com

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94704
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
Thomas Dunham
Michael Woods
Colby Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com
tomd@ruyakcherian.com
michaelw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Bright Data Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of May 2022, with a copy of this document via CM/ECF.

*/s/ Ronald Wielkopolski*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ronald Wielkopolski*