# Exhibit A

Trials@uspto.gov                                                          Paper 17
571-272-7822                                                Entered: July 25, 2022


UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

CODE200, UAB; TESO LT, UAB; METACLUSTER LT,
UAB;OXYSALES, UAB; AND CORETECH LT, UAB,
Petitioner,

v.

BRIGHT DATA LTD.,
Patent Owner.
_____

IPR2022-00861
Patent 10,257,319 B2
_____

Before THOMAS L. GIANNETTI, SHEILA F. McSHANE, and
RUSSELL E. CASS, *Administrative Patent Judges*

McSHANE, *Administrative Patent Judge*.


DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314*

Denying Motion for Joinder
*35 U.S.C. § 315(c); 37 C.F.R. § 42.122*

IPR2022-00861
Patent 10,257,319 B2

# I. INTRODUCTION

Code200, UAB, Teso LT, UAB, Metacluster LT, UAB, Oxysales, UAB, and Coretech LT, UAB ("Petitioner" or "Code200") filed a Petition for *inter partes* review of claims 1, 2, 12, 14, 15, 17–19, and 21–29 of U.S. Patent No. 10,257,319 B2 (Ex. 1001, "the '319 patent"). Paper 1 ("Pet."). Patent Owner filed a Preliminary Response. Paper 15 ("Prelim. Resp."). With the Petition, Petitioner also filed a Motion for Joinder with *NetNut Ltd. v. Bright Data Ltd.*, IPR2021-01492 ("the 1492 IPR"). Paper 7 ("Mot."). Bright Data Ltd. ("Patent Owner") filed an Opposition to the Motion for Joinder. Paper 11 ("Opp."). Petitioner filed a Reply to Patent Owner's Opposition. Paper 13 ("Reply").

We have authority under 35 U.S.C. § 314(a), which provides that an *inter partes* review may not be instituted "unless . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." Under 35 U.S.C. § 315(b), "[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." Section 315(b) further provides that "[t]he time limitation set forth in the preceding sentence shall not apply to a request for joinder under subsection (c)." Additionally, under 35 U.S.C. § 315(c), "the Director, in his or her discretion, may join as a party to that inter partes review any person who properly files a petition under section 311 that the Director . . . determines warrants the institution of an inter partes review under section 314."

2

IPR2022-00861
Patent 10,257,319 B2

For the reasons described below, we do not institute an *inter partes* review of the challenged claims and we deny Petitioner's Motion for Joinder.

## II.  RELATED PROCEEDINGS

The '319 patent has been the subject of numerous proceedings in district court and the Board.  We summarize these proceedings below.

### A.  Teso Litigation

The parties indicate that there are several related district court litigations involving the '319 patent, including, most particularly, *Bright Data Ltd. v. Teso LT, UAB*, 2:19-cv-00395-JRG (E.D. Tex.) ("the Teso litigation").  Pet. 3; Mot. 2; Paper 16 (Updated Mandatory Notices), 3.  In the Teso litigation, Bright Data Ltd., the Patent Owner here, sued defendants, Teso LT, UAB, Metacluster LT, UAB, Oxysales, UAB, and Coretech LT, UAB, some of the petitioner group here, for infringement of the '319 patent, as well as U.S. Patent Nos. 10,484,510 and 10,469,614.  Mot. 2.  In the Teso litigation, a jury trial was conducted, and the issue of whether claims 1 and 26 of the '319 patent were invalid in view of the Crowds reference asserted here (*see infra*) was presented by the defendants.  *Id*.  The jury found that that the defendants did not prove that these claims were invalid by clear and convincing evidence.  *Id*.

### B.  1266 IPR

The parties identify IPR2020-01266 ("the previously-filed 1266 IPR"), filed by Petitioner, which challenged certain claims of the '319 patent.  Mot. 3; Paper 16, 1; Opp. 8.  The previously-filed 1266 IPR was denied on discretionary grounds.  Mot. 3.

3

IPR2022-00861
Patent 10,257,319 B2

### C. '319 Patent Reexamination

The parties also indicate that the '319 patent is the subject of an *ex parte* reexamination, Control No. 90/014,875, which has been stayed. Mot. 5; Paper 16, 2.

### D. 1492 IPR

In the 1492 IPR, the case to which Petitioner is seeking joinder, we instituted an *inter partes* review of claims 1, 2, 12, 14, 15, 17–19, and 21–29 of the '319 patent on the following grounds:

| Claim(s) | 35 U.S.C. § | References/Basis |
|---|---|---|
| 1, 19, 21–29 | 102[1] | Crowds[2] |
| 1, 2, 14, 15, 17–19, 21–29 | 103 | Crowds, RFC 2616[3] |
| 1, 12, 14, 21, 22, 24, 25, 27– 29 | 103 | Border[4] |
| 1, 12, 14, 15, 17–19, 21, 22, 24, 25, 27–29 | 103 | Border, RFC 2616 |
| 1, 17, 19, 21–29 | 103 | MorphMix[5] |
| 1, 2, 14, 15, 17–19, 21–29 | 103 | MorphMix, RFC 2616 |

---

[1] Because the application from which the '319 patent issued has an earliest effective filing date before March 16, 2013 (Ex. 1001, (60)), citations to 35 U.S.C. §§ 102 and 103 are to the pre-AIA versions. Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29.
[2] Michael Reiter & Aviel Rubin, *Crowds: Anonymity for Web Transactions*, ACM Transactions on Information and System Security, Vol. 1, No. 1 (Nov. 1998) (Ex. 1006, "Crowds").
[3] Hypertext Transfer Protocol–HTTP/1.1, Network Working Group, RFC 2616, The Internet Society, 1999 (Ex. 1013, "RFC 2616").
[4] U.S. Patent No. 6,795,848 B1 (Sep. 21, 2004) (Ex. 1012, "Border").
[5] Marc Rennhard, *MorphMix – A Peer-to-Peer-based System for Anonymous Internet Access* (2004) (Ex. 1008, "MorphMix").

4

IPR2022-00861
Patent 10,257,319 B2

*NetNut Ltd. v. Bright Data Ltd.*, IPR2021-01492, Paper 12 at 7–8, 39 (PTAB Mar. 21, 2022) ("1492 Decision" or "1492 Dec.").

Patent Owner settled with NetNut in the 1492 IPR, and NetNut has been terminated as Petitioner in that action.  1492 IPR, Paper 20.

E.  *1109 IPR*

There is also a newly-filed petition pending in IPR2022-01109, which challenges claims of the '319 patent based on Plamondon ("the 1109 IPR"), filed by Petitioner.  *Code200, UAB v. Bright Data Ltd.*, IPR2022-01109, Paper 1, 9.  In the 1109 IPR, Petitioner seeks joinder with previously-instituted case IPR2022-00135 ("the 135 IPR"), which was filed by The Data Company Technologies Inc.  *Id.*, Paper 7.  The Board has not yet determined whether to grant institution and joinder in the 1109 IPR.

F.  *135 IPR*

In the 135 IPR, The Data Company Technologies Inc. filed a petition challenging certain claims of the '319 patent based on Plamondon.  As noted, institution was granted in the 135 IPR and Petitioner seeks to join it in the 1109 IPR.

G.  *Major Data IPR*

There is also another pending *inter partes* review challenge to the '319 patent, filed by Major Data UAB, which also seeks joinder with the 1492 IPR.  *Major Data UAB v. Bright Data Ltd.*, IPR2022-00915, Paper 3 (PTAB April 21, 2022) ("the Major Data IPR").  No decision has been rendered on institution or the joinder motion in that case.

5

IPR2022-00861
Patent 10,257,319 B2

### III.  DISCUSSION

*A.  Background*

The Petition in this proceeding is a "me-too" petition asserting the same grounds of unpatentability as those upon which we instituted review in the 1492 IPR. *Compare* Pet. 2–3, *with* 1492 Dec. 7–8, 39.  Consistent with this, Petitioner contends that the Petition is "is substantially identical to the petition in the NetNut IPR [1492 IPR] and contains the same grounds (based on the same prior art and supporting evidence) against the same claims, and differs only as necessary to reflect the fact that it is filed by a different petitioner."  Pet. 2 (citing Ex. 1022).

Petitioner requests that we institute *inter partes* review for the same reasons we instituted review in the 1492 IPR and seeks joinder with that IPR.  Mot. 1.  Petitioner asserts that the request for joinder has been timely made.  *Id*. at 6.  Petitioner contends that the following factors identified in *Kyocera Corp. v. Softview LLC* favor joinder: (1) the reasons why joinder is appropriate; (2) whether the petition raises any new grounds of unpatentability; (3) any impact joinder would have on the cost and trial schedule for the existing review; and (4) whether joinder will add to the complexity of briefing or discovery.  *Id*. at 6 (citing *Kyocera Corp. v. Softview LLC*, IPR2013-00004, Paper 15 at 4 (PTAB Apr. 24, 2013) ("*Kyocera*"); Consolidated Trial Practice Guide 76 (Nov. 2019) ("TPG")[6]).

More specifically, when addressing the Teso litigation, where Crowds was considered, Petitioner argues that the Teso litigation concerned different claims, different prior art, and a different burden of proof compared to the

---

[6] Available at https://go.usa.gov/xpvPF.

6

IPR2022-00861
Patent 10,257,319 B2

*inter partes* review sought to be joined. Mot. 6–9. Petitioner also asserts that the jury in the Teso litigation did not have the benefit of the district court's Supplemental Claim Construction Order, (Ex. 1020), which is available here and which "the Board found persuasive" in the 1492 IPR. *Id.* at 9. Petitioner contends further that the Teso litigation has been stayed and, if and when the stay is lifted, the defendants intend to file post-judgment motions. *Id.* at 3.

Petitioner also argues that the joinder motion is "routine," and the Board "often grants motions for joinder in view of pending litigations involving the same patent and the same parties," as is the case here. Mot. 9–10; Reply 1. Petitioner refers to its previously-denied petition in the 1266 IPR that challenged claims of the '319 patent, and asserts that because the previous denial was on a discretionary basis, and therefore did not reach the merits, this should not weigh against joinder here. Mot. 12; Reply 2–3 (citing *Intel Corp. v. VLSI Tech. LLC*, IPR2022-00366, Paper 14, 9 (PTAB June 8, 2022) ("*Intel*")[7]). Petitioner contends that it will assume an "understudy" role, and that joinder will not impact the trial schedule, or add to the cost, complexity of the briefing, or discovery of the joined proceeding. Mot. 14–15.

Patent Owner opposes the Motion for Joinder. Patent Owner argues that the burden is on Petitioner to justify joinder and that burden has not been met. Opp. 1. Patent Owner contends that, absent joinder. the Petition would be time-barred under 35 U.S.C. § 315(b). *Id.* at 11. Patent Owner

---

[7] IPR2022-00366 has been joined with IPR2021-01064. Certain issues in the joined cases are the subject of Director review, but the issues under review are not related to joinder or any other issues we address herein.

7

IPR2022-00861
Patent 10,257,319 B2

argues that it should be able to rely on the jury verdict against Petitioner in the Teso litigation, and that "Petitioner's actions undermine the integrity of the judicial process." *Id*.

Additionally, Patent Owner contends that Patent Owner has settled its disputes with NetNut, and Petitioner should not be allowed to continue a proceeding that would otherwise be terminated. Opp. 2 (citing *Apple Inc. v. Uniloc* 2017 LLC, IPR2020-00854, Paper 9, 12 (PTAB Oct. 28, 2020) (precedential) ("*Uniloc*")).

  B. Analysis

For the reasons that follow, we deny institution under § 314(a).

  1. *Other Challenges to the '319 patent*

The grounds in this Petition substantially overlap the grounds in the previously-denied 1266 IPR, as well as with the grounds that are the basis of the instituted 1492 IPR. The petition in the previously-denied 1266 IPR relied on the following grounds:

| Claims Challenged | 35 U.S.C. § | References |
|---|---|---|
| 1, 2, 21, 22, 24–27 | 102(b) | Crowds |
| 1, 2, 14, 15, 17, 18, 21, 22, 24–27 | 103(a) | Crowds, RFC 2616 |
| 1, 12, 14, 21, 22, 24, 25, 27–29 | 102(b) | Border |
| 1, 12, 14, 15, 17, 18, 21, 22, 24–29 | 103(a) | Border, RFC 2616 |
| 1, 2, 17, 19, 21, 22, 24–27 | 102(b) | MorphMix |
| 1, 2, 14, 15, 17–19, 21, 22, 24–27 | 103(a) | MorphMix, RFC 2616 |

8

IPR2022-00861
Patent 10,257,319 B2

1266 IPR, Paper 18 at 5.

We note also that this is not a typical "me too" joinder request. Mot. 13–15. Although Petitioner has agreed to an "understudy" role, NetNut, the petitioner in the 1492 IPR to be joined, has been terminated from that proceeding due to a settlement. 1492 IPR, Paper 20. Therefore, Petitioner would not be acting in the role of an understudy, but would immediately assume the leading role if joinder were granted. Prelim. Resp. 12; Opp. 14–15. Thus, if we granted joinder here, "Petitioner would stand in to continue a proceeding that would otherwise be terminated." *Uniloc*, Paper 9 at 4. As a result, if we were to institute this case and grant joinder, Petitioner would be advancing substantially the same grounds it initially relied on in the 1266 IPR, which was denied in 2020.

In addition, Petitioner challenges claims 1–29 of the '319 patent based on Plamondon in the 1109 IPR. 1109 IPR, Paper 1. The claims challenged in the 1109 IPR therefore also significantly overlap with the claims challenged here and those previously challenged in the 1266 IPR. *See* discussion *supra*.

    2. *General Plastic*

Both parties present additional arguments under *Fintiv* and *General Plastic* in support of their respective positions. Pet. 12; Prelim. Resp. 4–24; Opp. 8–15; Reply 2–5 (citing *Apple Inc. v. Fintiv Inc.*, IPR2020-00019, Paper 11 (PTAB March 20, 2020) (precedential) ("*Fintiv*"); *General Plastic Industrial Co., Ltd. v. Canon Kabushiki Kaisha*, IPR2016-01357, Paper 19 (PTAB Sept. 6, 2017) (precedential as to § II.B.4.i) ("*General Plastic*")).

Under *General Plastic*, the Board may deny a petition based on the discretionary authority of § 314(a). *General Plastic*, Paper 19 at 15; *see also*

9

IPR2022-00861
Patent 10,257,319 B2

*Uniloc*, Paper 9 at 4–5.  In considering whether to grant joinder with the 1492 IPR, we may also consider whether to exercise our discretion under 35 U.S.C. § 314(a).  Under 35 U.S.C. § 315(c), the statutory provision governing joinder, the discretion to join a party to an ongoing IPR is premised on the determination that the petition warrants institution under § 314.  This statutory provision reads:

> If the Director institutes an inter partes review, the Director, in his or her discretion, may join as a party to that inter partes review any person who properly files a petition under section 311 that the Director, after receiving a preliminary response under section 313 or the expiration of the time for filing such a response, determines warrants the institution of an inter partes review under section 314.

Further, "[t]o join a party to an instituted IPR, the plain language of § 315(c) requires two different decisions." *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1332 (Fed. Cir. 2020).  Thus, in applying § 315(c), we first "determine whether the joinder applicant's petition for IPR 'warrants' institution under § 314." *Id*.  Second, if the petition warrants institution, we then "decide whether to 'join as a party' the joinder applicant." *Id*.  For the reasons that follow, we are persuaded to exercise our discretion, under *General Plastic*, not to institute this proceeding.

In *General Plastic*, the Board articulated a list of non-exclusive factors to be considered in determining whether to exercise discretion under § 314(a) to deny a petition:

> 1. whether the same petitioner previously filed a petition directed to the same claims of the same patent;

10

IPR2022-00861
Patent 10,257,319 B2

> 2. whether at the time of filing of the first petition the petitioner knew of the prior art asserted in the second petition or should have known of it;
>
> 3. whether at the time of filing of the second petition the petitioner already received the patent owner's preliminary response to the first petition or received the Board's decision on whether to institute review in the first petition;
>
> 4. the length of time that elapsed between the time the petitioner learned of the prior art asserted in the second petition and the filing of the second petition;
>
> 5. whether the petitioner provides adequate explanation for the time elapsed between the filings of multiple petitions directed to the same claims of the same patent;
>
> 6. the finite resources of the Board; and
>
> 7. the requirement under 35 U.S.C. § 316(a)(11) to issue a final determination not later than 1 year after the date on which the Director notices institution of review.

*General Plastic*, Paper 19 at 16 (citing *NVIDIA Corp. v. Samsung Elec. Co.*, IPR2016-00134, Paper 9 at 6–7 (PTAB May 4, 2016)).

> *Factor 1: "whether the same petitioner previously filed a petition directed to the same claims of the same patent"*

There are two other *inter partes* petitions that Petitioner has filed, besides this one, that challenge claims of the '319 patent: the previously-denied 1266 IPR and the pending 1109 IPR, which we will discuss under factor 6 below.

Patent Owner relies on *Uniloc* to argue that because Petitioner previously filed the 1266 IPR petition, which challenged the '319 patent based on the same prior art asserted here, this favors denial of institution under factor 1. Opp. 2, 8. Petitioner asserts that because the 1266 IPR petition was not evaluated on the merits, and instead the denial was based on

11

IPR2022-00861
Patent 10,257,319 B2

discretionary grounds, Petitioner relies upon *Intel* to distinguish the *Uniloc* case, because it addressed a situation after denial of an earlier petition on the merits.  Reply 2 (citing *Intel*, Paper 14 at 9).

Although this case has some similarities with *Intel*, it differs on the issue of whether the petitioner had the benefit of the Board's guidance on the use of stipulations that agree not to raise the grounds asserted in the IPR at trial.  *Intel*, Paper 14 at 13–14; Prelim. Resp. 7–9.  In *Intel*, the Board found that the decision denying the earlier petition occurred before the Board had expressed its approval of such stipulations in *Sotera Wireless* or *Sand Revolution II*.  *Id*.  However, as Patent Owner argues, the petition in the earlier 1266 petition was filed after *Sand Revolution II* had been designated informative.  Prelim. Resp. 8.  Unlike the petitioner in *Intel*, Petitioner here had the guidance provided by *Sand Revolution II*, and could have proffered such a stipulation, but did not do so.  We determine that this failure to provide such a stipulation in the face of clear guidance from the Board weighs strongly in favor of exercising discretion to deny institution and outweighs the fact that the Board did not substantively address the merits of the prior petition.

Accordingly, based on the record before us, we agree with Patent Owner (Opp. 8; Prelim. Resp. 7–8) that this *General Plastic* factor weighs in favor of exercising discretion to deny institution of the proceeding.

> *Factor 3:  "whether at the time of filing of the second petition the petitioner already received the patent owner's preliminary response to the first petition or received the Board's decision on whether to institute review in the first petition"*

Patent Owner asserts that Petitioner had received Patent Owner's preliminary responses and the Board's institution decisions in the

12

IPR2022-00861
Patent 10,257,319 B2

previously-filed 1266 IPR and in the 1492 IPR before the filing of this Petition. *Id*. at 8–9.

*General Plastic* expresses concern over "road mapping," that is, taking advantage of prior filings to obtain a "roadmap" of the opponent's case. *General Plastic*, Paper 19 at 17. Patent Owner presents no evidence, however, that this Petition has been modified from the petition in the 1266 IPR filed in 2020 based on information that became available in the subsequent preliminary response and decision in the 1492 IPR.

Therefore, there is no evidence of road mapping and, thus, this third *General Plastic* factor does not weigh in favor of exercising discretion to deny institution of the proceeding.

> *Factor 2: "whether at the time of filing of the first petition the petitioner knew of the prior art asserted in the second petition or should have known of it"*
>
> *Factor 4: "the length of time that elapsed between the time the petitioner learned of the prior art asserted in the second petition and the filing of the second petition"*
>
> *Factor 5: "whether the petitioner provides adequate explanation for the time elapsed between the filings of multiple petitions directed to the same claims of the same patent"*

The Board considers these factors "to assess and weigh whether a petitioner should have or could have raised the new challenges earlier." *General Plastic*, Paper 19 at 18. Based on the circumstances here, these factors have limited relevance. As discussed, the grounds in the previously-denied 1266 IPR substantially overlap with the grounds in this Petition, so there are no new challenges at issue here.

13

IPR2022-00861
Patent 10,257,319 B2

Patent Owner argues that this Petition was filed 22 months after Petitioner had knowledge of the prior art references, and Petitioner filed the Petition just prior to the one-month deadline after institution in the 1492 IPR. Opp. 9. While this is accurate, Petitioner's actions, in large part, appear to be reasonably diligent under the circumstances. Petitioner could not have filed this Petition prior to the institution of the 1492 IPR. And because the asserted prior art is the same as the earlier-asserted art, we see no prejudice to Patent Owner due to the timing of the Petition.

Accordingly, we determine that the second, fourth, and fifth *General Plastic* factors do not weigh in favor of exercising discretion to deny institution of the proceeding.

*Factor 6: "the finite resources of the Board"*

Patent Owner argues that the Board should not expend its finite resources on Petitioner's multiple bites of the apple which include three IPRs, a reexamination, and a jury trial on the same prior art references. Opp. 1, 9–10; Prelim. Resp. 4, n.1, 9–12.

In addition to the previously-filed 1266 IPR, which we discuss above, Petitioner also has the pending petition in the 1109 IPR,[8] filed on June 14, 2022, which also challenges claims of the '319 patent, including sole independent claim 1, but relies on Plamondon as the primary prior art. *Code200, UAB v. Bright Data Ltd.*, IPR2022-01109, Paper 1, 3.

The Board's Consolidated Trial Practice Guide provides guidance on multiple petitions, including identifying circumstances where more than one

---

[8] We do not assess or suggest an outcome on the decision on institution and joinder motion in the pending 1109 IPR.

14

IPR2022-00861
Patent 10,257,319 B2

petition may be necessary.  TPG, 59.  The Guide instructs the petitioner to provide a ranking between the petitions and provide information as to why the Board should exercise discretion to institute additional petitions.  *Id*. 59–60.  Here, Petitioner has not provided a ranking or rationale to support the need for multiple petitions.  Accordingly, we have no guidance as to why we should expend the Board's resources to potentially institute multiple proceedings by joining and instituting this case.

Additionally, we consider efficiency relating to the Teso litigation.  As discussed above, a jury verdict has already been reached in that litigation, and the issue of whether claims 1 and 26 of the '319 patent are invalid in view of Crowds was before the jury.  Mot. 2.  We agree with Petitioner that there are some differences between the prior art and claims at issue here compared to those in the Teso litigation, and there are different burdens of proof.  Mot. 6–9.  Nonetheless, we agree with Patent Owner that institution and joinder would create significant risk of the Board redoing at least some of the work done in the litigation.  Prelim. Resp. 15–16.

Accordingly, we determine that the sixth *General Plastic* factor weighs strongly in favor of exercising discretion to deny institution of the proceeding.

> *Factor 7*:  "the requirement under 35 U.S.C. § 316(a)(11) to issue a final determination not later than 1 year after the date on which the Director notices institution of review"

Patent Owner argues that granting institution and joinder would have a negative effect on the trial schedule and create added complexity in the proceeding.  Opp. 10.

15

IPR2022-00861
Patent 10,257,319 B2

We agree with Patent Owner that there would likely be a negative impact on the schedule in the 1492 IPR that would affect whether the one year deadline could be met. The 1492 IPR was instituted on March 21, 2022, with oral argument set on December 16, 2022. 1492 IPR, Papers 12, 13. If Petitioner is joined to that case, Petitioner has stated that the Board should "revisit scheduling for these proceedings after decisions on the joinder motions are made in the related proceedings." Ex. 2009. Although Patent Owner agreed to accelerate some briefing in this case to allow consideration of institution and this joinder motion, this case still lags behind the 1492 IPR schedule by approximately four months. Paper 19. To adjust the schedule to accommodate joinder, the time to complete briefing would have to be significantly accelerated to issue a final determination within one year, which may not be possible. Additionally, notwithstanding that the one year statutory time period may be adjusted for a joined case under 35 U.S.C. § 316(a)(11), granting institution and joinder in this case would unnecessarily delay this proceeding beyond the Board's goal of a one-year pendency for all IPR proceedings.

Accordingly, we determine that the seventh *General Plastic* factor weighs strongly in favor of exercising discretion to deny institution of the proceeding.

### 3. Conclusion

In light of the *General Plastic* factors, the guidance expressed in the Trial Practice Guide, and the arguments presented for and against the exercise of discretionary denial, we conclude that it is appropriate here to exercise our discretion under 35 U.S.C. § 314(a) to deny institution.

IPR2022-00861
Patent 10,257,319 B2

## IV.  DENIAL OF MOTION FOR JOINDER

As stated above, the Director may join a party to an ongoing IPR only if the filed petition warrants institution under § 314.  35 U.S.C. § 315(c). Because we exercise discretion to deny institution under § 314, we deny also Petitioner's Motion for Joinder.

## V.  ORDER

Accordingly, it is:

ORDERED that, pursuant to 35 U.S.C. § 314(a), the Petition is *denied*; and

FURTHER ORDERED that the Motion for Joinder is *denied*.

17

IPR2022-00861
Patent 10,257,319 B2

PETITIONER:

George "Jorde" Scott
John Heuton
CHARHON CALLAHAN ROBSON & GARZA, PLLC
jscott@ccrglaw.com
theuton@ccrglaw.com


PATENT OWNER:

Thomas Dunham
Elizabeth O'Brien
CHERIAN LLP
tomd@ruyakcherian.com
elizabetho@ruyakcherian.com